IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Scott Ramon Parizek, | ) |
|     Petitioner, | ) **ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| v. | ) |
| State of North Dakota Michael P Hurly, | ) Case No. 1:22-cv-058 |
|     Respondents. | ) |

Petitioner Scott Ramon Parizek ("Parizek") is presently in custody at the Ward County Jail. He initiated the above-captioned action on April 7, 2022, by filing an application to proceed in forma pauperis, which the court granted, and a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. Nos. 1, 2, 5).

On April 25, 2022, the court issued an order in which, after briefly discussing Parizek's criminal cases in McHenry and Ward Counties, it gave Parizek until May 31, 2022, to either file an amended petition or to show cause why this matter should not be dismissed. (Doc. No. 5).

On May 4, 2022, Parizek filed a response to the court's order along with an amended petition. (Doc. Nos. 9, 10). According to his amended petition, he was arrested on December 20, 2021, in Ward County on new criminal charges. (Doc. No. 10). The following day he received notice that a bench warrant for his arrest had been issued and that he had been charged with violating the conditions of his probation or parole in an older McHenry County case of his. (Id.). Following a hearing in his McHenry County case, the state district court determined that he had indeed violated his conditions of probation or parole and sentenced him 90 days imprisonment to run from the date on which final judgment was entered in his pending Ward County case(s). (Id.). Sometime

1

thereafter he entered guilty pleas in his Ward County cases(s) and was sentenced to time served. (Id.).

In his amended petition, Parizek clarifies that he is taking issue with the execution of the 90-day sentence imposed by the state district court in his McHenry County case. (Id.). He asserts that the state district court erred by ostensibly holding execution of this sentence in abeyance pending the entry of final judgment in his Ward County case(s) and in so doing improperly imposed what, as practical matter, now amounts to sentence that runs consecutive to the sentence imposed in his Ward County cases(s). (Id.). He further asserts that he being wrongfully held in custody in connection with his McHenry County Case despite, by his calculation, having completed service of the 90-day sentence imposed by the state district court. (Id.). He requests to join McHenry County Sheriff Trey Skager as a party to this action, to be immediately released, and an award of monetary damages for time he claims that he has unnecessarily spent in custody. (Id.).[1]

In its April 25, 2022, order, the court that noted that Parizek had failed to name a proper respondent in his original petition as required by Rule 2(a) of the Rules Governing Section 2254 Cases. (Doc. No. 5). It further advised Parizek that a consequence of a failure on his part to address this was dismissal of this action. (Id.). Unfortunately for Parizek, the joinder of McHenry County Sheriff Trey Skager does not remedy his original petition's shortcoming.

It bears repeating that Rule 2(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical

---

[1] Money damages are not available in a habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

confinement, the default rule is that the proper respondent is the chief correctional officer of the facility where the prisoner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2005); see also Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir.1978) (finding that a habeas petition attacking the revocation of the petitioner's parole was "procedurally flawed" because he failed to name his custodian, the warden of the state prison where he was incarcerated). A failure to name a proper respondent is grounds for dismissing a petition. See e.g., Farmer v. Nebraska, No. 4:21CV3012, 2021 WL 1599380, at *2 (D. Neb. Apr. 23, 2021) (warning petitioner that his failure to file an amended petition that was not signed under penalty of perjury and did not name a proper respondent was subject to dismissal without prejudice); Riddle v. Minnesota, No. 20-CV-1262 (ECT/ECW), 2021 WL 799490, at *7 (D. Minn. Jan. 8, 2021), report and recommendation adopted, No. 20-CV-1262 (ECT/ECW), 2021 WL 795164 (D. Minn. Mar. 2, 2021), certificate of appealability denied, No. 21-1628, 2021 WL 4202501 (8th Cir. Aug. 2, 2021) (recognizing that the failure to name a proper respondent constituted a basis for the dismissal of a habeas petition).

      Here, Parizek has named the State of North Dakota, Judge Michael P. Hurly, and now Sheriff Skager as respondents. Neither Judge Hurley nor McHenry County Sheriff Skager are officers who have custody of Parizek. As noted above, Parizek is presently in custody in Ward County. Consequently, neither Judge Hurley nor McHenry County Sheriff Skager are proper respondents under Rule 2(a) of the Rules Governing Section 2254 Cases. The same can be said with respect to the State. See Hunter v. North Dakota, No. 1:21-CV-197, 2021 WL 5406037, at *1 (D.N.D. Nov. 18, 2021) (explaining that the State is not a proper respondent); see also Bridges v. Chambers, 425 F.3d 1048, 1050 (7th Cir. 2005) ("Some things are clear. One is that the 'state' is not a proper respondent ... This is not only because the state has sovereign immunity from suit in federal court

... and not only because Rule 2(a) is explicit that the 'state officer' having custody of the petitioner is the proper respondent. There is also the practical consideration that designating the 'state' does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally." (internal citations omitted)).

Because Parizek has failed to name a proper respondent despite being afforded ample opportunity to do so, the court **DISMISSES** his original and amended habeas petitions (Doc. Nos. 2, 10) without out prejudice.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that reasonable jurists would find it debatable that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find the disposition of this matter. Consequently, no certificate of appeability shall be issued to Parizek.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2022.

                                        */s/ Clare R. Hochhalter*
                                        Clare R. Hochhalter, Magistrate Judge
                                        United States District Court